**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Blunk,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-16-8101-PCT-NVW (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I.    MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Kingman, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 20, 2016 (Doc. 1).  On July 5, 2016, Respondents filed their Response (Doc. 10).  Petitioner filed a Reply on August 4, 2016 (Doc. 12).

The Petitioner's Petition is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.    FACTUAL BACKGROUND

At his change of plea proceeding, Petitioner admitted attempting sexual conduct with a minor in the form of digital penetration, and possessing and attempting to obtain photographs of minors engaged in sexually-exploitive behavior.   (Exhibit C, R.T. 11/21/14, at 12-14.)  (Exhibits to the Answer, Doc. 10, are referenced herein as "Exhibit ___.")   The prosecution added, *inter alia*, that the victim was three years old at the time

1

of the sexual conduct, and that the minors depicted in the photographs were under 15. (*Id.* at 14-15.)

**B.       PROCEEDINGS AT TRIAL**

Petitioner was indicted in Yavapai County Superior Court on February 15, 2013 on charges of sexual conduct with a minor, and on August 21, 2013 on charges of sexual exploitation of a minor.  (Exhibit A, Presentence Investigation at 1-2.)

On November 21, 2014, while represented by counsel, Petitioner entered into a written Plea Agreement (Exhibit B), agreeing to plead guilty to one amended count of attempted sexual conduct with a minor, one count of sexual exploitation of a minor, and two amended counts of attempted sexual exploitation of a minor. (*Id.* at 1.)   The agreement provided for a minimum sentence of 15 years on the sexual exploitation charge, and consecutive lifetime probation on the remaining charges.  (*Id.* at 2-3.)  The remaining charges were to be dismissed and any other charges arising from the investigation would not be brought.  (*Id.* at 6.)  On the same date, Petitioner entered his plea of guilty as prescribed in the plea agreement.  (Exhibit C, R.T. 11/21/14.)

Petitioner appeared for sentencing on January 5, 2015, and was sentenced to 15 years flat time on the sexual exploitation count and consecutive lifetime probation on the remaining counts.  (Exhibit D, R.T. 1/5/15 at 15-16.)

**C.       PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2.)  Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

**D.       PROCEEDINGS ON POST-CONVICTION RELIEF**

On February 23, 2015, Petitioner filed a Notice of Post-Conviction Relief (Exhibit E.)  Counsel was appointed, but eventually filed a Notice of Completion (Exhibit F), evidencing an inability to find an issue for review.  On October 16, 2015, Petitioner was

granted leave to file a *pro per* petition, and was given 60 days to do so.  He failed to do so, and on December 16, 2015, the PCR court dismissed the petition.  (Exhibit G, M.E. 12/16/15.)

On January 25, 2016, Petitioner filed a motion to extend the time to file his *pro per* petition.  The motion was denied as untimely because the matter had already been dismissed.  (Exhibit H, M.E. 1/29/16.)

Petitioner did not seek further review.  (Petition, Doc. 1 at 5.)

## E.   <u>PRESENT FEDERAL HABEAS PROCEEDINGS</u>

<u>**Petition**</u> - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 20, 2016 (Doc. 1).  Petitioner's Petition asserts the following four grounds for relief:

> In **Ground One**, he alleges that his sentencing enhancement violated the Sixth Amendment pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2006). In **Ground Two**, Petitioner alleges that his counsel was ineffective for failing to argue that Petitioner's sentencing enhancement was unlawful under *Apprendi*. In **Ground Three**, he alleges that his sentencing enhancement violated his due process rights. In **Ground Four**, he argues that his "illegal sentence" constituted cruel and unusual punishment under the Eighth Amendment.

(Order 5/25/16, Doc. 5 at 2 (emphasis added).)

<u>**Response**</u> - On July 5, 2016, Respondents filed their Response ("Answer") (Doc. 10).   Respondents argue that Petitioner's state remedies are unexhausted and procedurally defaulted, and that he is not entitled to a stay to attempt exhaustion.

<u>**Reply**</u> - On August 4, 2016, Petitioner filed a Reply (Doc. 12).  Petitioner argues the merits of his sentencing claims, and that his procedural default should be excused because of the ineffective assistance of trial and PCR counsel, and relies, in part upon *Martinez v. Ryan*, 132 U.S 1309 (2012).

<u>**Supplemental Answer**</u> – In an Order filed August 10, 2016, the Court provided an opportunity for Respondents to supplement their Answer to address: (1) whether Petitioner's claims in Ground 1 and 2 based on a denial of a right to a jury determination

of sentencing factors was of sufficient constitutional magnitude to avoid Arizona's waiver bar absent a knowing and voluntary personal waiver; (2) whether Arizona's timeliness bar applied to Petitioner's unexhausted claims; and (3) whether Petitioner's assertions of ineffectiveness of PCR counsel as cause to excuse his procedural defaults) was governed by *Martinez* (and thus not subject to an exhaustion requirement), or governed by the normal rule requiring prior exhaustion of constitutional claims of ineffectiveness relied on as cause.

On August 24, 2016, Respondents filed their Supplemental Answer (Doc. 14), arguing that: (1) because Petitioner's state remedies are wholly unexhausted, this Court can simple dismiss the Petition rather than addressing any procedural default; (2) Petitioner's claim regarding a jury trial on sentencing was knowingly, voluntarily and personally waived as part of the plea agreement; (3) Petitioner's unpresented claims are time barred; and (4) there is authority to treat Movant's claims of ineffective assistance of PCR counsel as constitutional claims of ineffectiveness thus requiring exhaustion, and that review was available by a second PCR proceeding.

**Supplemental Reply** – On October 7, 2016, Petitioner filed his Supplemental Reply (Doc. 17). Petitioner argues his claims of PCR counsel ineffectiveness are not raised as a claim for relief, but solely as a basis for cause and prejudice to excuse his procedural defaults. Petitioner concedes that he has procedurally defaulted on his claims. Petitioner argues that his failure to exhaust should be further excused because he did not receive the court transcripts and was denied an extension of time by the trial court to file his *pro per* PCR petition. Petitioner argues that the analogy between a direct appeal and an Arizona of-right PCR petition is not complete, and that the *Martinez* exception for exhaustion of that basis for cause should be applied. Finally, Petitioner asks that if the procedural default is excused that he be granted leave to amend.[1]

_____

[1] Because the undersigned does not find the procedural default excused, the request to amend is not addressed. Moreover, the Court's Scheduling Order (Doc. 9) required that "all motions to amend, motions to supplement, motions to stay, motions for evidentiary hearing, motions to expand the record, and the like, seeking to expand the petition, or the

### III.    APPLICATION OF LAW TO FACTS

**A.    EXHAUSTION AND PROCEDURAL DEFAULT**

Respondents alternatively argue that Petitioner's state remedies on his claims are wholly unexhausted or procedurally defaulted, and thus are barred from federal habeas review.

**1.    Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, to exhaust his state remedies, the petitioner must have fairly presented his federal claims to the state courts.  "A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

**Proper Forum** - "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

**Proper Vehicle** -  Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33

_____

record herein, shall be filed within twenty-eight (28) days of the service of Respondents' answer to the Petition."  (Order 6/9/16, Doc. 9 at 1.)

F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

**Application to Petitioner** – Here, Petitioner has never presented any claims to the Arizona Court of Appeals, whether on direct appeal, or in his PCR proceeding.  Accordingly, all of his claims are not properly exhausted.

**2.    Procedural Default**

Ordinarily, unexhausted claims are dismissed without prejudice.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents suggest that the Court should simply dismiss the Petition based on the admitted failure to properly exhaust, rather than addressing the procedural default.  However, such a dismissal would be without prejudice, rather than a final adjudication if dismissed with prejudice as procedurally defaulted.  Assuming this Court had the power to avoid the procedural default defense actually raised, doing so simply invites Petitioner to return to this Court at some future date.   Judicial economy calls for a final adjudication when the facts and law support such a result, as they do here.

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts.  Respondents rely upon Arizona's waiver bar, set out in Ariz. R. Crim. Proc. 32.2(a)(3) (Answer, Doc. 10 at 10), and at the Court's prompting, on the timeliness bar in Ariz. R. Crim. Proc. 32.4(a) (Supp. Answer, Doc. 14 at 4).

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, as discussed hereinabove, as a pleading defendant, Petitioner has no right to a direct appeal under Rule 31.3. Accordingly, such direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's waiver bar, Petitioner can no longer seek review by a subsequent PCR Petition.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). *But see State v. Diaz*, 236 Ariz. 361, 340 P.3d 1069 (2014) (failure of PCR counsel, without fault by petitioner, to file timely petition in prior PCR proceedings did not amount to waiver of claims of ineffective assistance of trial counsel).

For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id*. That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071. Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*.

Here, with the exception of his jury trial claims, Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

Although Petitioner's Grounds 1 (*Apprendi*) and 2 (ineffectiveness re *Apprendi*) are founded upon a claim of the denial of a right to a jury determination of sentencing factors, such a claim has been held waived by failure to raise it earlier, albeit where the procedural bar was actually applied.  *See Scott v. Ryder,* CV-04-0376-PHX-MHM, 2007 WL 505117, at *9 (D. Ariz. Feb. 14, 2007); *Bailey v. Schriro*, 2006 WL 1663484, at *21, n. 4 (D.Ariz., June 7, 2006).  No waiver bar has been applied by the state courts to Petitioner's claims.   Respondents argue that the waiver bar would nonetheless apply, because Petitioner explicitly waived his right to challenge his sentence in his plea agreement.  (Supp. Ans., Doc. 14 at 4.)  This Court need not resolve the issue, because the claim is any event barred under the timeliness bar, discussed hereinafter.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

Exceptions - Rules 32.2 and  32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P.  32.4(a) (exceptions to timeliness bar).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appears that such exceptions would apply.  The rule defines the excepted claims as follows:

d. The person is being held in custody after the sentence imposed has expired;

e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:

(1) The newly discovered material facts were discovered after the trial.

(2) The defendant exercised due diligence in securing the newly discovered material facts.

(3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence.  Paragraph (e) has no application, because Petitioner does not assert that the claims are based on newly discovered evidence. Paragraph (f) has no application where the petitioner filed a timely notice of of-right post-conviction relief.  Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.  Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and/or waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims that were not fairly presented are all now procedurally defaulted.

**3.**      **Cause and Prejudice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been

procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default.  *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner argues that this Court should find cause to excuse his procedural defaults based on: (a) the ineffective assistance of trial counsel; (b) the ineffective assistance of counsel in his PCR proceeding; and (c) the refusal of his request to extend the time to file a *pro per* PCR petition based on his non-receipt of the court transcripts.

### a.   Ineffective Assistance of Trial Counsel

Petitioner argues that trial counsel was ineffective.  (Reply, Doc. 12 at 14.) However, Petitioner fails to explain how any action of trial counsel prevented Petitioner from exhausting his state remedies.  At best, Petitioner argues that trial counsel was ineffective in failing to pursue at trial the claims he now asserts. That is unrelated to the failure to raise the claims subsequently to the Arizona Court of Appeals.

Moreover, claims of ineffective assistance of constitutionally required counsel must be properly exhausted to be considered as cause to excuse procedural defaults or procedural bars.  "To constitute cause for procedural default of a federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have been

10

presented to the state courts as an independent claim." *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003).  *See Murray,* 477 U.S. at 489.

Petitioner has not properly exhausted any claim of ineffective assistance of trial counsel, let alone one related to some failure to present claims to the Arizona Court of Appeals.

### b.   Ineffective Assistance of PCR Counsel

Petitioner also argues that his procedural defaults should be excused because PCR counsel was ineffective in failing to find and argue the issues he raises in his Petition.

**Counsel Constitutionally Required** - Ordinarily, to meet the "cause" requirement, the ineffective assistance of counsel must amount to an independent constitutional violation.   *Ortiz v. Stewart*, 149 F.3d 923, 932, (9th Cir. 1998). Accordingly, where no constitutional right to an attorney exists, ineffective assistance will not amount to cause excusing the state procedural default.  *Id*.   "Ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred. . . . The fact that counsel is appointed by the state court does not change the result, because counsel is not constitutionally required."  *Smith v. State of Idaho*, 392 F.3d 350, 357 (9th Cir. 2004) (emphasis in original, citations omitted).  If there is no federal constitutional right to counsel, a petitioner "cannot establish cause because of the state trial court's failure to appoint him counsel, even if such failure was erroneous as a matter of state law."  *Smith*, 392 F.3d at 357 .  In *Patrick Poland v. Stewart*, 169 F. 3d 573 (9th Cir. 1999), the Ninth Circuit held that "[b]ecause there is no right to an attorney in state post-conviction proceedings, there cannot be constitutionally ineffective assistance of counsel in such proceedings." *Id*. at 588 (quoting *Coleman v. Thompson*, 501 U.S. 722,  752 (1991)).

The Supreme Court has recognized two exceptions to the general rule that ineffectiveness of PCR counsel is not cause.

The first exception was recognized in *Maples v. Thomas*, 132 S.Ct. 912 (2012), where the Supreme Court held that cause could be shown when PCR counsel was not merely negligent (and under the law of agency that negligence being chargeable to the petitioner) but had abandoned the representation without notice to the petitioner, resulting in the loss of his state remedies.

Here, however, Petitioner does not suggest that counsel abandoned the representation without notice, merely that counsel was deficient in not bringing claims Petitioner asserts are meritorious.  Indeed, PCR counsel filed the appropriate notice to the Court when he was unable to find an issue of review. Thus, any such deficiency was not external to the defense, and is chargeable to Petitioner.

The second exception to the general rule that ineffectiveness of PCR counsel does not establish cause concerns the failure of PCR counsel to bring claims of ineffective assistance of trial counsel.

In *Martinez v. Ryan,* 132 S.Ct. 1309 (2012), the Supreme Court recognized that because state courts increasingly reserve review of claims of ineffective assistance of trial counsel to post-conviction relief proceedings, the ineffectiveness of counsel in such PCR proceedings could effectively defeat any review of trial counsel's ineffectiveness. Accordingly, the Court recognized a narrow exception to the Court's ruling in *Coleman, supra,* that the ineffectiveness of PCR counsel cannot provide cause.  Arizona, the state at issue in *Martinez*, is just such a state, and accordingly ineffective assistance of PCR counsel can establish cause to excuse a procedural default of a claim of ineffective assistance of trial counsel.  However, the *Martinez* court made clear that the limited exception it was creating for ineffectiveness of PCR counsel as "cause" did not extend outside the initial PCR proceeding.

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral

proceeding may be deficient for other reasons.

*Martinez*, 132 S.Ct. at 1320.

For Petitioner to rely upon *Martinez*, Petitioner must "demonstrate[e] two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132 S.Ct. at 1318).

However, *Martinez* is not applicable because Petitioner's of-right PCR proceeding was the functional equivalent of an appeal.

Admittedly this approach seems to go where the *Martinez* Court avoided going.

> *Coleman v. Thompson* left open, and the Court of Appeals in this case addressed, a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. These proceedings can be called, for purposes of this opinion, "initial-review collateral proceedings." *Coleman* had suggested, though without holding, that the Constitution may require States to provide counsel in initial-review collateral proceedings because "in [these] cases ... state collateral review is the first place a prisoner can present a challenge to his conviction." As *Coleman* noted, this makes the initial-review collateral proceeding a prisoner's "one and only appeal" as to an ineffective-assistance claim, and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings.
> This is not the case, however, to resolve whether that exception exists as a constitutional matter.

*Martinez*, 132 S.Ct. at 1315.

Of course, in *Martinez,* Respondent argued that its PCR proceeding in that case, which involved a non-pleading defendant, was not an appellate proceeding in which there was a constitutional right to effective assistance of counsel. Respondent's Brief on Merits, *Martinez v. Ryan*, 2011 WL 3947554  6 (2011). In contrast to *Martinez*, however, Petitioner did not go to trial, but pled guilty, and thus had no ability whatsoever to a traditional direct appeal. At least he had no such opportunity beyond an of-right PCR proceeding.

13

Undoubtedly, the jurisprudence of the Supreme Court and the Ninth Circuit has uniformly declined to find a constitutional right to counsel in collateral review proceedings. *See Martinez*, 132 S.Ct. at 1315; and *Ellis v. Armenakis*, 222 F.3d 627, 633 (9th Cir. 2000). But both recognize a right to counsel in a direct appeal. *See Halbert v. Michigan*, 545 U.S. 605, 610 (2005) ("the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review"); *Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993).

The Ninth Circuit has already recognized in a different context that an Arizona of-right PCR proceeding by a pleading defendant is the functional equivalent of direct appeal. In *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007), the Ninth Circuit noted in the context of applying the habeas statute of limitations that prior decisions treating such a proceeding as collateral review, rather than direct review was "based on the parties' uncontested joint position, [and] was unconsidered dictum." *Id.* at 712. The court referenced the Supreme Court's decision in *Halbert* that Michigan's "first-tier 'of-right' review procedure available to a plea-convicted Michigan defendant in lieu of a conventional direct appeal is a form of 'direct review'." *Id.* at 713. The court opined that *Halbert* "signals that some non-traditional state review procedures are forms of direct rather than collateral review." *Id* On that basis, the *Summers* court concluded that Arizona's of-right PCR proceeding "is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." 481 F.3d at 717.

In at least two other cases in the District of Arizona, the courts have concluded that an Arizona pleading defendant has a constitutional right to counsel in an of-right PCR proceeding. *See Walker v. Ryan*, 2015 WL 10575864, at *5 (D. Ariz. Oct. 21, 2015) *report and recommendation adopted*, CV-15-00072-PHX-ROS, 2016 WL 1268487 (D. Ariz. Mar. 31, 2016); and *Ree v. Ryan*, CV-13-00746-TUC-RM, 2015 WL 3889360, at *1 (D. Ariz. June 23, 2015).

Similarly here, this Court can and should determine that Petitioner's of-right PCR proceeding must be treated, like the Michigan procedure in *Halbert*, as a direct appeal,

14

rather than collateral review.

Petitioner argues that there are distinctions to be made between a traditional direct appeal and Arizona's of-right PCR proceeding that preclude treating them the same, but declines to present them.  (Supp. Reply, Doc. 17 at 5.)  The undersigned discerns none. (*See e.g.*

Petitioner argues that counsel is not constitutionally required in Arizona's of-right PCR proceedings.  For the reasons discussed above, the undersigned concludes that such counsel is required by the U.S. Constitution.  Petitioner points to the decision in *Martinez*, addressing Arizona's PCR proceedings but finding no constitutional right to counsel.  But *Martinez* did not involve an of-right proceeding of a pleading defendant, such as Petitioner, but a routine PCR proceeding of a defendant who "[a] jury convicted," *Martinez*, 132 S. Ct. at 1313, and who had access to a traditional direct appeal, *id.* at 1314.

Accordingly, *Martinez* has no application to evaluating the performance of Petitioner's counsel in that of-right PCR proceeding.  Instead, the normal rule applicable to counsel in direct appeals, that applied in *Halbert*, should apply.  And the clear rule is that ineffective assistance of counsel in a direct appeal can establish cause to excuse a procedural default.  *See Murray,* 477 U.S. at 492.

**Exhaustion of Claim Required** - The Ninth Circuit has concluded that a *Martinez* ineffective assistance of PCR counsel claim used to establish cause for a procedural default of a claim for ineffective assistance of trial counsel need not be exhausted itself.  *Dickens v. Ryan*, 740 F.3d 1302, 1322 n. 17 (9th Cir. 2014) ("where *Martinez* applies, there seems to be no requirement that the claim of ineffective assistance of PCR counsel as cause for an ineffective-assistance-of-sentencing-counsel claim be presented to the state courts").

Conversely, claims of ineffective assistance of constitutionally required appellate counsel must be properly exhausted to be considered as cause to excuse procedural defaults or procedural bars.  "To constitute cause for procedural default of a federal

habeas claim, the constitutional claim of ineffective assistance of counsel must first have been presented to the state courts as an independent claim." *Cockett v. Ray*, 333 F.3d 938, 943 (9ᵗʰ Cir. 2003). *See Murray,* 477 U.S. at 489.

Here, Petitioner has not properly exhausted any claims by presenting them to the Arizona Court of Appeals, including claims in a second PCR proceeding that his counsel in his of-right PCR proceeding was ineffective. Petitioner clearly had the right to assert such claims in a subsequent PCR proceeding. *See Osterkamp v. Browning*, 226 Ariz. 485, 489, ¶ 17, 250 P.3d 551, 555 (App. 2011) (finding right to counsel in PCR proceeding asserting ineffectiveness of counsel in of-right PCR proceeding).

Because he failed to exhaust his available state remedies on a claim of ineffective assistance of of-right PCR counsel, such ineffectiveness cannot be considered as cause to excuse his procedural defaults.

### c.   Denial of Motion to Extend

Petitioner also argues that his procedural defaults should be excused because following the grant of leave for him to file a *pro per* PCR petition he had not received the court transcripts by the deadline, and the court denied his motion to extend the time to file. (Supp. Reply, Doc. 17 at 3-4.) While a lack of access to transcripts that precluded exhaustion might constitute cause, Petitioner did not lose his ability to seek review in his PCR proceeding because he had no transcripts. Instead, he lost it because he did not timely seek an extension of time based on the lack of such access.

Petitioner asserts he "diligently informed the Court of the fact that he lacked transcripts and, therefore, could not adequately investigate any potential claims." (*Id.* at 3.) However, Petitioner proffers no evidence of any such diligence. The record reflects the antithesis. The trial court ruled:

> The Court has received and reviewed Defendant's Motion for Extension of Time which was filed with the Court on January 25, 2016.
> The Court notes the Defendant's Motion is untimely as the Court dismissed this matter on December 16, 2015 as the Defendant

failed to file his pro per Petition for Post-Conviction Relief as ordered by the Court on October 13, 2015.

(Exhibit H, M.E. 1/29/16.)   Indeed, the copy of the motion to extend submitted by Petitioner shows that it was dated January 19, 2016.  (Supp. Reply, Doc. 17, Exhibit.) The Court's order granting leave for the *pro per* petition was issued October 13, 2015, and required a petition within 60 days.  (*See* Exhibit G, M.E. 12/16/15.)  Petitioner's motion was not dated until some 30 days after the expiration of that deadline.

Moreover, Petitioner fails to show what portion of the transcript was necessary to presenting the claims he raises in this proceeding.

Finally, Petitioner fails to show how his lack of a transcript before the  PCR court prevented him from seeking to present his claims to the Arizona Court of Appeals.

Thus, it cannot fairly be said that Plaintiff's procedural default resulted from the lack of a transcript, as opposed to his own lack of diligence in seeking an extension, or otherwise filing his PCR petition, and then seeking review by the Arizona Court of Appeals.

### d.   Summary re Cause and Prejudice

Based upon the foregoing, the undersigned concludes that Petitioner had failed to establish cause to excuse his procedural defaults.

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).  Petitioner has filed to establish cause for his procedural default.  Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

### 4.   Actual Innocence

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v.*

17

*Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A showing that a reasonable doubt exists in the light of the new evidence is not sufficient.  Rather, the petitioner must show that no reasonable juror would have found the defendant guilty.  *Id.* at 329.  This standard is referred to as the "*Schlup* gateway.*"  *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Petitioner fails to make a showing that no reasonable juror would have found him guilty.  Accordingly his Petition  must be dismissed with prejudice.

## IV.    CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will

result in Petitioner's Petition being resolved adversely to Petitioner.   Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

To grant a certificate of appealability on a procedural decision, the Court must also find that the petition states a valid claim.  The *valid claim* determination for procedural rulings does not require the Court to make a "definitive" determination of the merits of the claims, but rather only a "preliminary" one.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  It requires only "a general assessment of their merits," *id.* at 336, and not a "certainty of ultimate relief," *id.* at 337.  The Ninth Circuit has taken a particularly broad view of this standard, at least in comparison to some other circuits.  *See* David Goodwin, *An Appealing Choice: An Analysis of and A Proposal for Certificates of Appealability in "Procedural" Habeas Appeals*, 68 N.Y.U. Ann. Surv. Am. L. 791, 821 (2013) (comparing circuits).  The Ninth Circuit has concluded: "we will simply take a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right.' " *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000)).  Thus, in resolving the instant issue, the Court need not evaluate whether Petitioner's

19

claims are ultimately substantiated by the record, but simply whether the Petition has made out a constitutional claim.

Moreover, circuit court precedent is not determinative in deciding whether a claim is substantial. "Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Neither is the court bound by the deference normally required for review of claims of state prisoners under the AEDPA. *See Camargo v. Ryan*, CV-13-02488-PHX-NVW, 2015 WL 2142711, at *4 (D. Ariz. May 4, 2015).

**Standard Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.

Under the reasoning set forth herein, jurists of reason would find it debatable whether the district court was correct in its procedural ruling with regard to the finding of a constitutional right to counsel in Petitioner's PCR proceeding, and consequent conclusion that exhaustion of a claim of ineffective assistance in such proceeding was required to rely upon it as a basis to establish procedural default.

Further, the Court has determined upon issuing its service Order that Petitioner has asserted facially valid constitutional claims. (*See* Order 5/25/16, Doc. 5.) *See* 28 U.S.C. § 2243 ("A court…entertaining an application for a writ of habeas corpus shall …issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."); Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition").

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be granted.

/ /

/ /

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed May 20, 2016 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **GRANTED**.

## VI.     EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 22, 2016

16-8101r RR 16 08 09 on HC.docx

James F. Metcalf
United States Magistrate Judge